OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Derek Lankford, appeals the decision of the Belmont County Court of Common Pleas denying his post-sentence motion to withdraw his guilty plea. Because this claim could have been raised in one of his earlier appeals, it is barred by the doctrine of res judicata.
 {¶ 2} On February 26, 1992, Lankford pled guilty to aggravated murder and the accompanying capital specification of R.C. 2929.04(A)(3). At the plea hearing in front of a three judge panel, the court engaged appellant in a Crim.R. 11 plea colloquy. The plea agreement stated that the maximum sentence was death. The court explained to appellant that it was not bound by the prosecution's recommendation of a life sentence. A mitigation hearing was held on March 5, 1992, after which the court sentenced appellant to life in prison with parole eligibility after serving thirty years of imprisonment.
 {¶ 3} Lankford did not appeal this decision but later filed a motion to withdraw his guilty plea. That motion was denied by the trial court and affirmed on appeal. On November 3, 2006, Lankford filed a successive motion to withdraw his guilty plea which was also denied by the trial court.
 {¶ 4} As his sole assignment of error, Lankford claims:
 {¶ 5} "The trial court abused its discretion and erred in not allowing Defendant to withdraw his guilty pleas after sentencing where Defendant was erroneously advised that the maximum sentence available to the trial court was the death penalty."
 {¶ 6} With this assignment, Lankford claims that he should be allowed to withdraw his plea based on his unsupported allegation that the trial court erroneously informed him that death was the maximum penalty he could receive.
 {¶ 7} Notably, on July 5, 1996, Lankford previously filed a motion to withdraw his guilty plea. In that motion, he claimed that, before he pled guilty, his attorneys had informed him that he would be eligible for good time credit. Thus, he thought his maximum sentence was life with parole eligibility after thirty years minus good time credit which could result in parole eligibility after twenty years. After the trial court denied this motion, this court affirmed that decision on appeal stating that Lankford was aware that *Page 2 
the maximum sentence he faced was death. State v. Lankford (June 30, 1999), 7th Dist. No 96 BA 51. Lankford cannot now claim that the trial court erroneously informed him that he was ineligible for the death penalty as this claim is barred by the doctrine of res judicata.
 {¶ 8} Res judicata dictates that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 382,653 N.E.2d 226, citing and adopting 1 Restatement of the Law 2d, Judgments (1982), Sections 24-25. The doctrine operates to preclude a subsequent action both on claims that were actually litigated and also those that could have been litigated in a previous action. See id. at 382, 653 N.E.2d 226. "[A]n existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." Rogers v. City ofWhitehall (1986), 25 Ohio St.3d 67, 69, 494 N.E.2d 1387. The underlying considerations of res judicata are particularly appropriate in the criminal context because without finality, the criminal law is deprived of much of its deterrent effect which is essential to the operation of the criminal justice system. State v. McCall (Aug. 21, 1996), 9th Dist. No 95CA006291, at 5, citing Teague v. Lane (1989), 489 U.S. 288,307-310, 109 S.Ct. 1060, 103 L.Ed.2d 334.
 {¶ 9} Because Lankford has already filed a motion to withdraw his guilty plea and could have made the argument he is currently making on appeal in the first motion, the trial court did not err by denying the motion. Accordingly, Lankford's assignment of error is meritless and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1