OPINION *Page 2 
{¶ 1} Appellant Bernard Corradetti appeals the decision of the Court of Common Pleas, Stark County, which denied his post-conviction motion to withdraw a guilty plea. The relevant facts leading to this appeal are as follows.
 {¶ 2} On October 15, 2007, appellant was indicted on one count of attempted unlawful sexual conduct with a minor (R.C. 2923.02(A)/R.C. 2907.04(A)(B)(3)), one count of importuning (R.C. 2907.07(D)(2)), and pandering obscenity involving a minor (R.C. 2907.321(A)(5)). The charges stemmed from appellant's participation in internet "chats" with a law enforcement officer posing as a mother and teenage daughter.
 {¶ 3} On November 28, 2007, appellant pled guilty to one count of attempted unlawful sexual conduct with a minor. As part of a plea arrangement, the State dismissed the other two charges. The trial court thereupon sentenced appellant to, inter alia, fifteen months in prison. Appellant did not appeal from the conviction and sentence.
 {¶ 4} On January 28, 2008, appellant filed a pro se motion to withdraw guilty plea. On February 11, 2008, the trial court denied the motion to withdraw plea. Appellant challenged said denial by filing a motion for "reconsideration" on March 11, 2008, which the trial court also denied two days later.
 {¶ 5} On July 31, 2008, appellant again filed a motion to withdraw guilty plea. The trial court denied said motion on August 5, 2008.
 {¶ 6} On September 3, 2008, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error: *Page 3 
 {¶ 7} "I. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA; MOTIONS PRIOR TO (SIC) PLEA AND SENTENCING HEARING."
 I. {¶ 8} In his sole Assignment of Error, appellant contends the trial court erred in denying his motion to withdraw guilty plea.[1] We disagree.
 {¶ 9} Crim. R. 32.1 reads as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 10} Thus, the standard upon which the trial court is to review a request for a change of plea after sentence is whether there is a need to correct a manifest injustice. State v. Marafa, Stark App. Nos. 2002CA00099, 2002CA00259, 2003-Ohio-257, ¶ 8. Our review of the trial court's decision under Crim. R. 32.1 is limited to a determination of whether the trial court abused its discretion. Id., citing State v.Caraballo (1985), 17 Ohio St.3d 66, 477 N.E.2d 627.
 {¶ 11} However, as an initial matter, as we have noted above, the motion to withdraw plea at issue was appellant's second such post-sentence Crim. R. 32.1 motion in this case. Attached to the second motion (filed July 31, 2008) is a nine-page handwritten memorandum which raises various claims regarding appellant's plea and conviction. The claims are essentially that (1) the State's evidence, including the internet chats with the detective, would not support a criminal conviction, (2) errors were *Page 4 
made at the preliminary hearing and grand jury stages of the proceeding, and (3) appellant's trial counsel was ineffective.
 {¶ 12} In State v. Zhao, Lorain App. No. 03CA008386, 2004-Ohio-3245, ¶ 8, the Court held: "In the present case, appellant failed to perfect an appeal of his conviction. Furthermore, he failed to appeal the trial court's denial of his first motion to withdraw his guilty plea pursuant to Crim. R. 32.1. The doctrine of res judicata bars appellant's current challenge of the court's denial of his motion to withdraw his guilty plea because the issues he raises now could have been fully litigated on direct appeal * * * or raised in his initial motion to withdraw his guilty plea pursuant to Crim. R. 32.1." See, also, State v.Suleiman, Cuyahoga App. No. 83915, 2004-Ohio-4487, f.n. 5.
 {¶ 13} Upon review, we find appellant could have raised the aforesaid claims either by direct appeal or as part of his first motion to withdraw plea; thus, the present appeal of the denial of his July 31, 2008 Crim. R. 32.1 motion is without merit under the doctrine of res judicata.
 {¶ 14} Accordingly, appellant's sole Assignment of Error is overruled.
 {¶ 15} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J. Farmer, P. J., and Gwin, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to appellant.
[1] Appellant's assigned error text suggests that his motion was filed before sentencing; however, the record clearly reveals it was filed post-sentence. *Page 1