[Cite as *State v. McFarland*, 2013-Ohio-2268.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                              )
                                            )
    PLAINTIFF-APPELLEE,                     )
                                            )           CASE NO. 12 JE 4
V.                                          )
                                            )           OPINION
JON M. McFARLAND,                           )
                                            )
    DEFENDANT-APPELLANT.                    )

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Criminal Appeal from Court of Common Pleas of Jefferson County, Ohio Case No. 07CR114 |
| JUDGMENT: | Affirmed |
| APPEARANCES: For Plaintiff-Appellee | Jane Hanlin Prosecutor 16001 S.R. 7 Steubenville, Ohio 43952 |
| For Defendant-Appellant | Jon M. McFarland #A542-188 Correctional Institution 2500 South Avon Beldon Road Grafton, Ohio 44044 |

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: May 30, 2013

DONOFRIO, J.

{¶1} Defendant-appellant, Jon McFarland, appeals from Jefferson County Common Pleas Court judgments denying his motion to withdraw his guilty plea and denying his "motion to reassign."

{¶2} Appellant was indicted on September 5, 2007, on four counts of unlawful sexual conduct with a minor, third-degree felonies in violation of R.C. 2907.04(A) and (B)(3); and one count of pandering sexually oriented matter involving a minor, a second-degree felony in violation of R.C. 2907.322(A)(1). The four counts of unlawful sexual conduct with a minor each contained the specification that appellant was more than 10 years older than the victim.

{¶3} Appellant originally pleaded not guilty, but after a Crim.R. 11 plea negotiation, on January 7, 2008, he withdrew his not guilty plea and entered a guilty plea to all five counts and the specifications. Part of the plea agreement was that the state and the defense agreed to a recommended six-year sentence for the five offenses. After a Crim.R. 11 colloquy, the trial court accepted the guilty plea and proceeded immediately to sentencing. The trial court followed the agreed recommendation of sentence and sentenced appellant to one year for each of the four counts of unlawful sexual conduct with a minor and two years for the count of pandering sexually oriented matter involving a minor. The court ordered appellant to serve the sentences consecutively for a total of six years in prison.

{¶4} Appellant did not appeal from the conviction and sentence. Instead, acting pro se, he sent a letter to the trial court on January 17, 2008, wherein he stated he wished to withdraw his guilty plea. The trial court overruled appellant's request on January 18, 2008.

{¶5} On May 6, 2008, appellant, still acting pro se, filed a motion titled "Motion to Withdraw Guilty Plea Pursuant to Criminal Rule 32.1." Before the trial court ruled on the motion, appellant filed an "Amended Motion to Withdraw Guilty Plea Pursuant to Criminal Rule 32.1." The trial court overruled both motions on August 26, 2008. Appellant appealed from those rulings.

{¶6} On appeal, appellant argued the trial court should have permitted him to withdraw his plea because the trial court and the prosecutor threatened him with a harsher sentence if he went to trial and because his counsel was ineffective. *State v. McFarland*, 7th Dist. No. 08-JE-25, 2009-Ohio-4391. On August 6, 2009, this court determined that the trial court did not abuse its discretion in overruling appellant's motions and, therefore, affirmed the trial court's judgments. *Id.*

{¶7} On October 3, 2008, while the appeal was pending, appellant filed another motion to withdraw his guilty plea, once again alleging that his plea was not knowingly, voluntarily, and intelligently entered because it was induced by threats from the prosecutor and the trial court and because he received ineffective assistance of counsel. The trial court overruled this motion. Appellant did not appeal from this decision.

{¶8} On February 21, 2012, appellant once again filed a motion to withdraw his guilty plea. And once again appellant asserted that his plea was not knowingly, voluntarily, and intelligently entered into because the trial court and prosecutor threatened him with a harsher sentence, the court interfered in the plea negotiations, and his counsel was ineffective. Appellant also filed a "Motion to Reassign" asserting that the trial judge was unfair and impartial and asking that his case be reassigned to another trial court judge.

{¶9} On March 8, 2012, the trial court overruled both motions without a hearing.

{¶10} Appellant filed a timely notice of appeal on April 2, 2012.

{¶11} Plaintiff-appellee, the State of Ohio, has failed to file a brief in this matter. Therefore, we may consider appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain that action. App.R. 18(C).

{¶12} Appellant raises three assignments of error, the first of which states:

TRIAL COURT ERRED BY NOT HOLDING AN EVIDENTIARY HEARING ON THE APPELLANT'S PRESENTENCE MOTION TO WITHDRAW GUILTY PLEA.

{¶13} Appellant argues that the trial court erred in denying his "presentence" motion to withdraw his plea without first holding an evidentiary hearing. He states that he attached evidence to his latest motion to withdraw his plea that he did not have available when he filed his previous motions.

{¶14} On reviewing a trial court's decision on a motion to withdraw a guilty plea, this court applies an abuse of discretion standard. *State v. Jones*, 7th Dist. No. 05-MA-69, 2008-Ohio-6974, ¶14. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶15} Appellant characterizes his motion as a "presentence" motion to withdraw a guilty plea. But this is a mischaracterization. As will be discussed in appellant's second assignment of error, his motion is actually a postsentence motion to withdraw a guilty plea.

{¶16} An evidentiary hearing is not warranted on a postsentence motion to withdraw a guilty plea if the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice. *McFarland*, 2009-Ohio-4391, ¶22, citing *State v. Bari*, 8th Dist. No. 90370, 2008-Ohio-3663, ¶9. Appellant bears the burden of demonstrating a manifest injustice. Crim.R. 32.1; *State v. Russ*, 8th Dist. No. 81580, 2003-Ohio-1001, ¶11.

{¶17} In this case, the "evidentiary documents" that appellant attached to his motion were either the same as the ones he submitted with his prior motions to withdraw plea, contained information the court already had, or were unsubstantiated and contained no new information.

{¶18} Appellant attached the following to his motion: (1) a January 24, 2008 letter to him from his counsel in which counsel stated that his discussion with the trial

judge changed his opinion about entering a plea; (2) a March 7, 2008 letter to him from his counsel in which counsel stated the trial judge recommended he would be wise to accept the plea deal; (3) an un-dated, not file-stamped copy of "Defendant's Answer to Plaintiff's First Amended Complaint" in a civil case filed by appellant against his counsel; (4) an un-dated, not file-stamped copy of "Defendant's Responses to Plaintiff's Second Request for Admissions" in appellant's civil case; (5) an un-dated, not file-stamped copy of "Defendant's Responses to Plaintiff's Second Set of Interrogatories" in appellant's civil case; (6) a copy of appellant's September 29, 2008 affidavit wherein he averred that his attorney told him the trial judge threatened him and told appellant to plead guilty; (7) a copy of a partial affidavit dated September 27, 2008, by appellant's aunt wherein she averred that appellant's counsel told her appellant needed to plead guilty; (8) a copy of a December 20, 2007 letter to appellant's counsel from the prosecutor wherein she offered the plea deal; (9) a copy of counsel's notice of appearance; (10) a copy of the docket sheet from appellant's case; (11) a copy of the "State's Demand for Discovery" in appellant's case file stamped November 21, 2007; (12) an un-dated, not file-stamped copy of "Defendant's Response to Plaintiff's First Set of Interrogatories" in appellant's civil case; and (13) an August 8, 2008 affidavit by appellant's mother wherein she talked about appellant's case.

**{¶19}** To his October 3, 2008 motion to withdraw his guilty plea and other motions, appellant attached: (1) a copy of the January 24, 2008 letter from his attorney; (2) a copy of the March 7, 2008 letter from his attorney; (3) a letter from appellant's aunt wherein she stated that appellant's counsel said appellant had to plead guilty; (4) the August 8, 2008 affidavit from his mother; and (5) appellant's September 29, 2008 affidavit. Thus, the trial court had already seen and considered these items when it overruled appellant's October 3, 2008 motion to withdraw his guilty plea.

**{¶20}** Additionally, counsel's notice of appearance, the docket sheet from appellant's case, the state's demand for discovery, and the prosecutor's offer of a

plea deal were items already within the court's knowledge as they were a part of the record in appellant's case.

**{¶21}** Finally, the un-dated, not file-stamped purported copies of documents from appellant's civil case were all unsubstantiated and did not contain any new information.

**{¶22}** Because appellant did not present the trial court with any new evidence that would demonstrate a manifest injustice, the court acted within its discretion in denying appellant's motion without first holding an evidentiary hearing. Appellant did not meet his burden of demonstrating a manifest injustice.

**{¶23}** Accordingly, appellant's first assignment of error is without merit.

**{¶24}** Appellant's second assignment of error states:

TRIAL COURT ERRED BY NOT ALLOWING APPELLANT TO WITHDRAW HIS PLEA.

**{¶25}** Here appellant argues that the trial court should have allowed him to withdraw his plea because it was entered unknowingly, unintelligently, and involuntarily due to the trial court's interference in the plea negotiations, the prosecutor's threats of harsher punishment if appellant went to trial, and his counsel's ineffectiveness.

**{¶26}** Appellant also argues that his was a *pre*sentence motion to withdraw his plea, and therefore, the trial court should have freely granted it. He bases this assertion on his argument that the sentence imposed was invalid because it was imposed on an invalid plea and therefore, the sentence is void and his motion is a *pre*sentence motion.

**{¶27}** These arguments were already considered, and rejected, by this court. In *McFarland*, at ¶¶18-19, we found:

McFarland filed a pro se letter requesting the trial court to permit him to withdraw his guilty plea. That request was denied and McFarland

did not appeal that denial. We have previously held that res judicata applies to postsentence motions to withdraw guilty pleas; issues that could have been raised in the first motion are barred from being raised in any subsequent motion. *State v. Lankford*, 7th Dist. No. 07BE3, 2007-Ohio-3330, ¶ 7-9. See, also, *State v. Zhao*, 9th Dist. No. 03CA008386, 2004-Ohio-3245, ¶ 8 (finding that res judicata barred appeal from trial court's denial of his second Crim.R. 32.1 post-sentence motion to withdraw plea when defendant failed to appeal from the trial court's denial of his first Crim.R. 32.1 motion); *State v. Rexroad*, 9th Dist. No. 22214, 2004-Ohio-6271, ¶ 6-11 (reaching the same conclusion where defendant failed to directly appeal from his plea and sentence despite the court's alleged errors being apparent on the face of the record at the time of his conviction); *State v. McDonald*, 11th Dist. No.2003-L-155, 2004-Ohio-6332, ¶ 22.

The letter written to the trial judge requesting to withdraw his guilty plea was hand dated January 10, 2008, postmarked January 14, 2008 and received by the trial court on January 17, 2008. The plea and sentencing hearing was jointly held on January 7, 2008, but the order was not journalized until January 14, 2008. Given these dates, we find that the letter was a postsentence motion to withdraw a guilty plea. That letter indicated that McFarland wanted to withdraw his guilty plea because he was not fully informed by his attorney about the plea and he only had two hours to make up his mind. The letter did not reference any alleged wrong doing (threatening or coercing him to enter the plea) by the trial court or state, which are issues that are raised in the subsequent motions. Those issues could have been raised in the initial postsentence motion to withdraw a guilty plea. Likewise, any issue regarding McFarland's attorney's alleged ineffectiveness was raised in the first motion and thus is also barred by res judicata. Consequently,

the doctrine of res judicata bars his current challenge and as such, the trial court did not abuse its discretion in denying the subsequent motion to withdraw a guilty plea.

{¶28} Thus, as we found in appellant's previous appeal, the issues raised in this assignment of error are barred by the doctrine of res judicata.

{¶29} Accordingly, appellant's second assignment of error is without merit.

{¶30} Appellant's third assignment of error states:

TRIAL COURT ERRED BY NOT RECUSING HIMSELF FROM THIS CASE.

{¶31} Appellant contends here that the trial judge should have recused himself because the judge participated in the plea negotiations.

{¶32} "The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." *Jones v. Billingham*, 105 Ohio App.3d 8, 11, 663 N.E.2d 657 (2d Dist.1995), citing Section 5(C), Article IV, Ohio Constitution; *Adkins v. Adkins*, 43 Ohio App.3d 95, 539 N.E.2d 686 (4th Dist.1988). R.C. 2701.03 provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced. *Id.* R.C. 2701.03(A) provides:

If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

**{¶33}** An appellate court lacks the authority to pass upon the disqualification of a common pleas court judge or to void the judgment of a trial court on that basis. *State v. Ramos*, 88 Ohio App.3d 394, 398, 623 N.E.2d 1336 (9th Dist.1993).

**{¶34}** We are without the authority to determine whether the trial court judge should have recused himself in this case. If appellant thought the trial court judge should have recused himself, his remedy was to file an affidavit of disqualification with the clerk of the Ohio Supreme Court.

**{¶35}** Accordingly, appellant's third assignment of error is without merit.

**{¶36}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.