[Cite as *State v. Richard*, 2013-Ohio-3918.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99449

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DONALD L. RICHARD

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED IN PART,
### REVERSED IN PART, REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-215283

**BEFORE:** E.T. Gallagher, J., Stewart, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** September 12, 2013

**FOR APPELLANT**

Donald L. Richard, pro se
Inmate #197-168
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Mary H. McGrath
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1}  Defendant-appellant, Donald L. Richard ("Richard"), appeals the denial of his postconviction request for DNA testing.   Finding some merit to the appeal, we affirm in part, reverse in part, and remand the case to the trial court for further proceedings.

{¶2} In 1987, a jury convicted Richard of murder with gun specifications and having a weapon while under disability with gun specifications.   The case arose from the shooting death of Neil Baldwin ("Baldwin") outside of Wanda's Bar at 4515 Clark Avenue in Cleveland, Ohio, on January 24, 1987.   The court sentenced Richard to 15 years to life for murder, two three-year mandatory prison terms for gun specifications to run concurrently, and three to five years for having weapons while under disability, to be served consecutively.   This court affirmed Richard's convictions on direct appeal.   *State v. Richard*, 8th Dist. Cuyahoga No. 54228, 1988 Ohio App. LEXIS 4242 (Oct. 20, 1988).

{¶3}  In November 2012, Richard filed an application for DNA testing.   He asserted that DNA testing would prove that the sole eyewitness at trial was involved in a civil conspiracy against him and gave false testimony identifying him as the shooter.   Richard also filed motions requesting court-appointed counsel and for the trial court judge to recuse himself from this case.   The trial court denied both motions as well as the application for DNA testing.   Richard now appeals and raises two assignments of error.

**Application for DNA Testing**

{¶4} In his first assignment of error, Richard argues the trial court erred in denying his application for DNA testing because the trial court failed to provide its reasons for denying the application in violation of R.C. 2953.73(D). He also asserts that the results of DNA testing would be "outcome determinative" as defined by R.C. 2953.71(L).

{¶5} We review the trial court's decision to accept or reject an eligible inmate's application for DNA testing for an abuse of discretion. R.C. 2953.74(A). *State v. Ayers,* 185 Ohio App.3d 168, 2009-Ohio-6096, 923 N.E.2d 654 (8th Dist.), ¶ 12. A trial court abuses its discretion where its decision is clearly erroneous and based on either a disregard for the law or a misapplication of the law to undisputed facts. *Ohio Civ. Rights Comm. v. Case W. Res. Univ.*, 76 Ohio St.3d 168, 666 N.E.2d 1376 (1996), citing *Alexander v. Mt. Carmel Med. Ctr.*, 56 Ohio St.2d 155, 383 N.E.2d 564 (1978).

{¶6} R.C. 2953.71 et seq. establishes a statutory scheme that allows eligible prison inmates to petition their respective trial courts to conduct DNA testing. Pursuant to R.C. 2953.74, the trial court may "accept" an eligible inmate's application for DNA testing only if certain factors are present, including a finding that "if DNA testing is conducted and an exclusion result is obtained, the results of the testing would be outcome determinative." *Ayers* at ¶ 28, citing R.C. 2953.74(B) and (C); and *State v. Emerick*, 170 Ohio App.3d 647, 650, 2007-Ohio-1334, 868 N.E.2d 742 (2d Dist.).

{¶7} In addition, R.C. 2953.73(D) states:

> If an eligible offender submits an application for DNA testing under division (A) of this section, the court shall make the determination as to whether the application should be accepted or rejected. * * * The court shall make the determination in accordance with the criteria and procedures set

forth in sections 2953.74 to 2953.81 of the Revised Code and, in making the determination, shall consider the application, the supporting affidavits, and the documentary evidence and, in addition to those materials, shall consider all the files and records pertaining to the proceedings against the applicant, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript and all responses to the application filed under division (C) of this section by a prosecuting attorney or the attorney general.  * * * *Upon making its determination, the court shall enter a judgment and order that either accepts or rejects the application and that includes within the judgment and order the reasons for the acceptance or rejection as applied to the criteria and procedures set forth in sections 2953.71 to 2953.81 of the Revised Code.* (Emphasis added.)[1]

**{¶8}** R.C. 2953.71(L) states that the results of DNA testing are "outcome determinative" when, "in the context of and upon consideration of all available evidence related to the offender's case * * * there is a strong probability that no reasonable factfinder would have found the offender guilty" of the offense.  Thus, the term "outcome determinative" is a conclusion based upon consideration of all the available evidence.  It is not a reason in and of itself.  Therefore, the court is bound by R.C. 2953.73(D) to provide reasons explaining how the court reached the "outcome determinative" conclusion.  *See State v. Smith*, 8th Dist. Cuyahoga No. 87937, 2007-Ohio-2369, ¶ 8.

**{¶9}** The trial court's journal entry denying Richard's application states: "Defendant's application for DNA testing filed November 26, 2012, is denied, as it does

---

[1] R.C. 2953.71 defines terms including the words "outcome determinative." R.C. 2953.81 governs the maintenance of DNA test results.  Neither section affects the court's obligation to state its reasons for the acceptance or rejection of an application.

not fulfill the requirement of the statute as to being 'outcome determinative.'" It does not provide any reasons explaining how the court reached this conclusion. Therefore, the court's judgment denying Richard's application for DNA testing is contrary to law and constitutes an abuse of discretion.

{¶10} The first assignment of error is sustained.

## Recusal and Appointed Counsel

{¶11} In the second assignment of error, Richard argues the trial court violated his constitutional rights when it denied his requests for the court to recuse itself and to appoint counsel to litigate his application for DNA testing. The trial court never ruled on these motions. Nevertheless, a trial court's failure to rule on a motion is presumed to be a denial of that motion for purposes of appellate review. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 223, 631 N.E.2d 150 (1994).

{¶12} There is no federal constitutional right to a postconviction review process, and an indigent petitioner has neither a state nor a federal constitutional right to be represented by an attorney in a postconviction proceeding. *State v. Crowder*, 60 Ohio St.3d 151, 152, 573 N.E.2d 652 (1991), citing *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed. 539 (1987). However, "[p]ursuant to R.C. 120.16(A)(1) and (D), an indigent petitioner is statutorily entitled to representation by a public defender at an evidentiary hearing on a postconviction petition if the public defender concludes that the issues raised by the petitioner have arguable merit." *State v. Chandler*, 10th Dist. Franklin No. 07AP-269, 2007-Ohio-5579, ¶ 8, citing *Crowder* at 153.

{¶13} In *Crowder*, the Ohio Supreme Court held that "R.C. 120.16(A)(1) and (D) implicitly require the trial court, upon concluding that the petitioner in a postconviction proceeding is entitled to an evidentiary hearing pursuant to R.C. 2953.21(C) and (E), to promptly notify the public defender of the pending hearing." *Id.* at 153. However, an evidentiary hearing is not automatically required on every petition. *State v. Williams*, 8th Dist. Cuyahoga No. 99357, 2013-Ohio-2706, ¶ 14. A trial court may deny a defendant's petition for postconviction relief without an evidentiary hearing if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief. *State v. Calhoun,* 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus. Thus, the petitioner is statutorily entitled to appointed counsel only if the trial court determines that the petitioner is entitled to an evidentiary hearing on his postconviction petition, and the public defender concludes that the petition has merit.

{¶14} In this case, the trial court failed to provide its reasons for finding that DNA testing would not be outcome determinative, and we are unable to properly review the basis for the court's decision and whether the court should have held an evidentiary hearing. We therefore have no basis for reviewing Richard's argument that the court erroneously denied him his statutory right to counsel. Therefore, this part of the second assignment of error is premature and moot.

**{¶15}** Richard also argues the judge violated his constitutional rights when he failed to recuse himself from this case. In his motion for recusal, Richard asserts the trial court was prejudiced against him.

**{¶16}** However, an appellate court lacks jurisdiction to determine whether the trial court judge should have recused himself from a case. *State v. McFarland*, 7th Dist. Jefferson No. 12 JE 4, 2013-Ohio-2268, ¶ 32, citing *State v. Ramos*, 88 Ohio App.3d 394, 398, 623 N.E.2d 1336 (9th Dist.1993). Pursuant to R.C. 2701.03(A), the Ohio Supreme Court has exclusive jurisdiction to determine a claim that a judge is biased or prejudiced. *Jones v. Billingham*, 105 Ohio App.3d 8, 11, 663 N.E.2d 657 (2d Dist.1995), citing Article IV, Section 5(C), Ohio Constitution. R.C. 2701.03(A), states in relevant part:

> If a judge of the court of common pleas allegedly * * * has a bias or prejudice * * * against a party to a proceeding pending before the court or a party's counsel, * * * any party to the proceeding * * * may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

If Richard believed the trial court judge should have been removed from his case due to bias or prejudice, his exclusive remedy was to file an affidavit of disqualification with the Ohio Supreme Court pursuant to R.C. 2701.03.

**{¶17}** The second assignment of error is overruled.

**{¶18}** Judgment affirmed in part and reversed in part. Case is remanded to the trial court to state its reasons for finding that DNA testing would not be outcome determinative.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
KENNETH A. ROCCO, J., CONCUR