[Cite as *State v. Lusher*, 2014-Ohio-1930.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 13-CA-83 |
| MARK R. LUSHER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Richland County
Court of Common Pleas, Case No. 08-CR-498H

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      May 5, 2014

APPEARANCES:

For Plaintiff-Appellee

JAMES J. MAYER, JR.
Prosecuting Attorney
JILL M. COCHRAN
Assistant County Prosecutor
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant

JOHN C. FILKINS
101 W. Sandusky Street
Suite 204
Findlay, OH 45840

*Gwin, P.J.*

{¶1} Defendant-appellant Mark Lusher appeals the Richland County Court of Common Pleas' August 13, 2013 denial of his motion to withdraw his previously entered guilty plea to one count of aggravated vehicular homicide, one count of aggravated vehicular assault and one count of OVI. Plaintiff-appellee is the State of Ohio.

*Facts and Procedural History*

{¶2} The Richland County Grand Jury indicted Lusher on December 5, 2007 with one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(1)(a), a felony of the second degree, one count of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1)(a), a felony of the third degree and one count of operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(b), a misdemeanor of the first degree.

{¶3} Retained counsel filed a motion to suppress. The hearing on the motion to suppress was held over the course several days, commencing on May 8, 2008. The trial court ultimately denied Lusher's suppression motion on by Judgment Entry filed July 18, 2008.

{¶4} On September 17, 2008, Lusher entered a plea to aggravated vehicular homicide, aggravated vehicular assault and OVI. The State dismissed the two remaining OVI counts, three and four.

{¶5} Lusher, through counsel, filed a Presentence Report on December 10, 2008. On the same day, Lusher appeared before the trial court for sentencing. The trial court sentenced Lusher to eight years in prison on the charge of aggravated vehicular homicide, five years in prison on the charge of aggravated vehicular assault, and six

months on the charge of OVI. The charges were ordered to be served concurrently, with a total sentence of eight years in prison. The trial court further ordered Lusher to pay a fine of $15,000 and restitution. In addition, Lusher was sentenced to five years of post release control and a lifetime driver's license suspension.

{¶6} Lusher filed a notice of appeal on January 22, 2009 with this Court in case number 09-CA-10. That appeal was dismissed on March 5, 2009 for failure to prosecute.

{¶7} On February 24, 2010, Lusher filed a motion to vacate all fines and court costs with the trial court. On March 2, 2010, Lusher filed a motion for transcripts in this case under the guise of a public records request. Those motions were overruled on March 17 and 26, 2010.

{¶8} On April 22, 2010, Lusher filed a motion to correct an improper sentence. The state agreed that the trial court had improperly imposed post-relief control in this case, imposing five years, rather than the mandatory three years of post-relief control as required under statute. The state requested that Lusher be brought back for re-sentencing.

{¶9} On May 17, 2010, Lusher filed a motion for the assignment of counsel and a motion to withdraw his guilty plea. Relevant to the case at bar, Lusher specifically argued in his motion that he was not properly informed by the trial court, prior to his plea, that the maximum sentence he faced included a lifetime driver's license suspension.

{¶10} On August 9, 2010, Lusher appeared before the trial court for resentencing. Lusher was sentenced to the same prison sentence as before with the

exception that he was sentenced to three (3) years of mandatory post-release control rather than a discretionary five years.

{¶11} On September 7, 2010, Lusher filed a notice of appeal of his re-sentencing in 5th Dist. Richland No. 10-CA-107. By Judgment Entry filed March 11, 2011, this Court dismissed Lusher's appeal for failure to prosecute after Lusher had been granted five extensions and failed to file a brief.

{¶12} On November 1, 2010, the trial court overruled Lusher's May 17, 2010 motion to withdraw his guilty plea. Lusher did not appeal this ruling.

{¶13} A motion for judicial release was filed on Lusher's behalf by retained counsel on December 5, 2012. The motion was withdrawn on January 24, 2013 after it was pointed out by the state that the motion was filed too early.

{¶14} On July 3, 2013, Lusher filed his second motion to withdraw his guilty plea. Lusher again argued that the trial court's failure to inform him that the lifetime license suspension was a failure to inform of the maximum penalty, thus making his plea unknowing and involuntary.

{¶15} The trial court overruled Lusher's motion by Judgment Entry filed August 13, 2013. The trial court cited the reasons stated in the State's motion in opposition, which included that Lusher's argument was barred by *res judicata* as the grounds for overruling the motion.

*Assignment of Error*

{¶16} Lusher raises one assignment of error,

{¶17} "I. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT OVERRULED APPELLANTS MOTION TO WITHDRAW HIS PLEAS OF GUILTY."

*Analysis*

{¶18} Lusher contends that he did not knowingly, intelligently or voluntarily enter his guilty plea because the trial court gave him either no information or misleading information about his the length of the driver license suspension he was facing as a result of his plea. Accordingly, Lusher argues that the trial court erred by accepting the plea. We disagree.

{¶19} The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. *See Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473(1962). A plea of guilty constitutes a complete admission of guilt. Crim. R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927(1989).

{¶20} Crim.R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. Therefore, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261,361 N.E.2d 1324(1977), paragraph one of the syllabus. Although no precise definition of "manifest injustice" exists, in general, "'manifest injustice relates to

some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'" *State v. Wooden*, 10th Dist. Franklin No. 03AP–368, 2004–Ohio–588, ¶10, *quoting State v. Hall*, 10th Dist. Franklin No. 03AP–433, 2003–Ohio–6939; *see, also, State v. Odoms*, 10th Dist. Franklin No. 04AP–708, 2005–Ohio–4926, *quoting State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83(1998) ("[a] manifest injustice has been defined as a 'clear or openly unjust act'"). Under this standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *Smith*, 49 Ohio St.2d at 264, 361 N.E.2d 1324.

{¶21} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at paragraph two of the syllabus. Thus, we review a trial court's denial of a motion to withdraw a guilty plea under an abuse-of-discretion standard, and we reverse that denial only if it is unreasonable, arbitrary, or unconscionable. *Odoms*, 2005–Ohio–4926.

{¶22} In *State v. Gallegos–Martinez*, 5th Dist. Delaware No. 10–CAA–06–0043, 2010–Ohio–6463, after his first motion to withdraw his plea was denied by the trial court, the defendant filed a second motion which raised some of the same arguements that he made in his first motion. This Court observed,

> We find that at least some of the issues in his present appeal of the denial of his second motion to withdraw his guilty plea are prohibited by the doctrine of res judicata. As stated in *State v. Sneed*, Eighth District No. 84964, 2005-Ohio-1865, "Where a defendant files a post conviction motion to withdraw and fails to raise an issue that could have been raised,

the defendant is precluded from raising the issue in a subsequent motion to withdraw. *See State v. Jackson* (Mar. 31, 2000), Trumbull App. No. 98-T-0182. Indeed, numerous courts have applied the doctrine of res judicata to successive motions to withdraw a guilty plea. *See State v. Brown*, Cuyahoga App. No. 84322, 2004-Ohio-6421 (determining that a Crim.R. 32.1 motion will be denied when it asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion); *State v. McLeod*, Tuscarawas App. No. 2004 AP 03 0017, 2004-Ohio-6199 (holding res judicata barred current challenge to a denial of a motion to withdraw because the issues could have been raised in a defendant's initial motion to withdraw); *State v. Vincent*, Ross App. No. 03CA2713, 2003-Ohio-3998 (finding res judicata barred defendant from raising issues that could have been raised in a prior motion for new trial or Crim.R. 32.1 motion); *State v. Reynolds*, Putnam App. No. 12-01-11, 2002-Ohio-2823 (finding that the doctrine of res judicata applies to successive motions filed under Crim.R. 32 .1); *State v. Unger*, Adams App. No. 00CA705, 2001-Ohio-2397 (concluding that the defendant's Crim.R. 32.1 motion was barred by res judicata because she had previously filed a motion to withdraw her guilty plea that she did not appeal prior to filing the second motion to withdraw guilty plea); *State v. Jackson* (Mar. 31, 2000), Trumbull App. No. 98-T-0182 (res judicata applies to successive motions to withdraw a guilty plea filed pursuant to Crim.R. 32.1). As succinctly stated in *State v. Kent*, Jackson App. No. 02CA21, 2003-Ohio-6156: 'Res

judicata applies to bar raising piecemeal claims in successive post-conviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first post conviction relief petition or motion to withdraw a guilty plea.'" *Sneed* at ¶ 17.

*State v. Gallegos–Martinez*, ¶12. *Accord, State v. Corradetti*, 5th Dist. Stark No. 2008 CA 00194, 2009-Ohio-1347; *State v. Lankford*, 7th Dist. No. 07 BE 3, 2007-Ohio-3330; *State v. Zhao*, 9th Dist. Lorain No. 03CA008386, 2004-Ohio-3245.

{¶23} In the case at bar, Lusher filed his first motion to withdraw his guilty plea on May 17, 2010. In that motion, Lusher argued that he was not advised of the maximum sentence before his plea because he was not told that his driver's license would be suspended for life. *See*, *Motion to Withdraw Guility Plea Crim.R.32.1*, filed May 17, 2010 at 8. The trial court overruled Lusher's first motion to withdraw his guilty plea by Judgment Entry filed November 1, 2010. Lusher could have, but did not, appeal the trial court's denial of his first motion to withdraw his guilty plea.

{¶24} In his second motion to withdraw his guilty plea, which is the subject of this appeal, Lusher has argued that he was not informed of the maximum penalties before his plea because he was not told that his driver's license would be suspended for life. *See, Motion to Withdraw Plea of Guility* filed July 3, 2013 at 4.

{¶25} Because Lusher had already filed a motion to withdraw his guilty plea raising the same argument, and because he could have appealed the trial court's denial of that motion, the trial court did not err by denying Lusher's second motion to withdraw his guilty plea on the basis that it was barred by res judicata.

{¶26} Accordingly, Lusher's sole assignment of error is overruled.

{¶27}  The judgment of the Richland County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Farmer, J., and

Baldwin, J., concur