[Cite as *State v. Richard*, 2014-Ohio-4838.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101135**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DONALD L. RICHARD**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-87-215283-A

**BEFORE:**   Stewart, J., Rocco, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**   October 30, 2014

**FOR APPELLANT**

Donald L. Richard, pro se
Inmate No. A-197-168
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, OH    44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Mary McGrath
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} In 1987, a jury found petitioner-appellant Donald Richard guilty of murder and having a weapon while under disability as a result of shooting and killing another man following a bar fight. We affirmed his conviction on direct appeal. *See State v. Richard*, 8th Dist. Cuyahoga No. 54228, 1988 Ohio App. LEXIS 4242, *4 (Oct. 20, 1988). In November 2012, Richard filed an application for DNA testing of the victim's boots, with the hope that his DNA would be on them, thus giving credence to the assertion that the victim kicked and stomped him before the shooting, providing Richard with a legal excuse for the shooting or a plausible case for voluntary manslaughter. The court denied the application, but on appeal from that ruling, this court determined that the court failed to satisfy its obligation under R.C. 2953.73(D) to state its reasons for denying the application. *See State v. Richard*, 8th Dist. Cuyahoga No. 99449, 2013-Ohio-3918, ¶ 9. On remand, the court issued an opinion stating its reasons for denying the application. The court found that there is no question as to the identity of the shooter, that Richard failed to show that there was DNA evidence to test and that even if the evidence did exist, his current theory of innocence is one that he did not raise at trial. Richard appeals.

{¶2} Over the course of 25 years, Richard has had nine appeals or original actions rejected by this court. In his filings, Richard claims to be the object of a vast conspiracy of judges, prosecuting attorneys, and other officials who have exerted their influence against him, both at trial and in postconviction proceedings. By his own concession, Richard has been declared a vexatious litigator by the Ohio Supreme Court. *See State ex rel. Richard v. Brown*, 130 Ohio St.3d 1469, 2011-Ohio-6027, 957 N.E.2d 327.

**{¶3}** We mention Richard's past history of filings because his merit brief in this appeal is consistent with the conduct that has caused him to be sanctioned. True to form, his "statement of the case and facts" restates in detail the alleged conspiracy against him that has existed for over 25 years. Lost in his merit brief is any argument that the court on remand failed to carry out our mandate to provide reasons explaining why it reached the conclusion that DNA testing as requested by Richard would not be outcome determinative. Apart from citing law regarding the court's obligation under R.C. 2953.73(D) to set forth its reasons for accepting or denying an application for DNA testing, Richard states conclusions, not argument. The following is the entirety of his "argument":

> The trial court's [related] December 28, 2012 journal entry denying appellant's application stated: "Defendant's application for DNA testing filed November 26, 2012, is denied, as it does not fulfill the requirements of the statute as to being 'outcome determinative.'" It does not provide any reasons explaining how the court reached this conclusion on December 28, 2012; nor does the trial court's journal entry [on "remand" in 2013 Ohio 3918] for February 25, 2014 or March 21, 2014 provide these necessary reasons, for denying this case, and ignoring the "remand" order, supra. Therefore, the court's judgments for December 12, 2012, and the follow-up judgments [after remand] for February 25, 2014 and March 21, 2014 denying appellant's application for DNA testing [and dismissing this case] are/is contrary to law and constitute an abuse of discretion and/or prejudicial error. This assignment of error should be sustained, as this court did in 2013-Ohio-3918. (Bracketed material sic.)

**{¶4}** An appellant has the obligation to provide an argument; not conclusions. *See* App.R. 16(A)(7); *State v. Schwarzman*, 8th Dist. Cuyahoga No. 100337, 2014-Ohio-2393, ¶ 50. Nowhere does Richard demonstrate how, or in what way, the court failed to state its reasons for denying his application for DNA testing. On this basis alone, we overrule his assignment of error.

**{¶5}** In addition to Richard's failure to demonstrate any error below, we conclude that the court adequately stated its reasons for denying the application for DNA testing.

**{¶6}** In the recitation of facts on direct appeal, the panel described how Richard and his son were in a bar, arguing with the victim. The three exited the bar, followed by the victim's girlfriend. The girlfriend said that the victim punched Richard, who dropped to a knee. Richard's son pointed a gun at the victim, but froze when the victim took a step toward him. Richard then rose, approached his son, and demanded the gun, saying that he would kill the victim. Richard then shot the victim in the head. Witnesses in the bar testified that before the fight, Richard's son showed them a gun that he had concealed in the waistband of his pants. Another witness who saw portions of what occurred outside the bar (his view was partially obstructed) claimed to have seen the son loading the gun and Richard running up to the son as if to prevent him from firing the gun.

**{¶7}** The application for DNA testing was based on Richard's claim that the victim did not strike him prior to the shooting. Richard claims he slipped on ice and fell, giving the victim the opportunity to kick him in the head (explaining why his DNA would be on the victim's boots). Richard maintained that if there is no DNA evidence on the victim's hands but DNA evidence on his boots, it would validate his version of events and expose the victim's girlfriend as a liar. Once the girlfriend is exposed as a liar, Richard believes the entire prosecution will collapse. At the very least, he believes that DNA testing would have caused the jury to convict him of manslaughter.

**{¶8}** The trial court may accept an eligible inmate's application for DNA testing only if the following factors are present: (1) biological material was collected from the crime scene of the victim(s), and the parent sample of that biological material still exists; (2) the parent sample of the biological material is sufficient, demonstrably uncorrupted, and scientifically suitable for testing; (3) the identity of the perpetrator of the charged offense was an issue at the inmate's trial;

(4) a defense theory at trial was such that it would permit a conclusion that an "exclusion result would be outcome determinative"; and (5) "if DNA testing is conducted and an exclusion result is obtained, the results of the testing would be outcome determinative." *See* R.C. 2953.74(B) and (C).

{¶9} In its journal entry on remand, the court explained that there was no DNA evidence to test. It noted that DNA testing was in its "infancy" in 1987, a fact that Richard appeared to agree with in his application for DNA testing ("In 1987, DNA testing had not entered the language of courts or the forensic toolbox of prosecutors or defense counsels.") The court found that with the victim having been killed by a gunshot wound to the head, it was unreasonable to believe that the coroner would have taken samples of biological material from the victim's hands. The court also found it unlikely that any biological material could still be recovered from the victim's hands given that the body had likely been washed following the autopsy and likely re-washed during the embalming process. In addition, the court found that the boots do not exist for testing — they were not included on a receipt of clothing received by the coroner's office. What is more, even if the corner had received the victim's boots, they were likely disposed of along with the rest of the victim's clothing when his family did not claim the items after notice had been given to do so. With there being no DNA evidence to test, the court did not err by denying Richard's application.

{¶10} The reasons given by the court were sufficient to satisfy our mandate on remand. As we have indicated from the quoted portion of Richard's brief on appeal, he makes no argument that the court's rationale for denying his application for DNA was erroneous — he limits his argument solely to the proposition that the court failed to state its reasons for denying the application. That proposition is demonstrably incorrect. We overrule the assigned error.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN A. GALLAGHER, J., CONCUR