DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Jackson County Common Pleas Court judgment. Following his October 1996 guilty plea, the trial court found Robert B. Kent, defendant below and appellant herein, guilty of (1) twelve counts of felonious assault, in violation of R.C. 2903.11; (2) three counts of complicity to felonious assault, in violation of R.C.2923.02; and (3) one count of criminal damaging, in violation of R.C.2909.06.
 {¶ 2} Appellant raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
"Robert B. Kent did not receive effective assistance of trial counsel as guaranteed to him by the Sixth Amendment to the United States Constitution prior to or during the court's tender of his guilty plea, rendering his change of plea to the indictment less than knowing, intelligent and voluntary."
SECOND ASSIGNMENT OF ERROR:
"Robert B. Kent was denied equal protection of the law, contrary to mandates of O.R.C. 2923.02(C), and of the Fifth Amendment to the United States Constitution and Section 10, Article 1, of the Ohio Constitution."
THIRD ASSIGNMENT OF ERROR:
"The trial court fail[ed] to withdraw acceptance or vacate the plea or plea agreement entered in the trial court case, after it belatedly discovered and ruled that its (April 22, 1999) findings, uncovered through a post-conviction hearing, was without merit."
 {¶ 3} Initially, we note that since appellant's 1996 conviction he has filed numerous motions in the trial court all seeking post-conviction relief or seeking to withdraw his guilty pleas.[1] The trial court denied all of appellant's motions. Additionally, on October 29, 1996, appellant filed a pro se notice of appeal. On appeal, appellant argued that he received ineffective assistance of counsel and that his guilty plea was coerced. We overruled his assignments of error and affirmed the trial court's judgment. See State v. Kent (Mar. 4, 1998), Jackson App. No. 96CA794. Appellant now appeals the trial court's denial of his most recent motion, which essentially seeks post-conviction relief or to withdraw his guilty pleas.
 {¶ 4} In his three assignments of error, appellant argues that the trial court should have allowed him to withdraw his guilty pleas. Appellant asserts that he did not receive effective assistance of counsel, that he was convicted of and sentenced for allied offenses of similar import, and that his co-defendant's acquittal of the same charges renders his guilty plea void. We disagree with appellant.
 {¶ 5} Appellant has previously raised all of the above arguments in his various motions filed in the trial court following the entry of his guilty pleas. Thus, the doctrine of res judicata bars us from considering appellant's arguments.
"Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."
State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.
 {¶ 6} Res judicata applies to bar raising piecemeal claims in successive postconviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first postconviction relief petition or motion to withdraw a guilty plea. SeeState v. Reynolds, Putnam App. No. 12-01-11, 2002-Ohio-2823; State v.Unger (May 23, 2001), Adams App. No. 00CA705; State v. Jackson (Mar. 31, 2000), Trumbull App. No. 98-T-0182.
 {¶ 7} In the case at bar, appellant has either previously raised the claims he now raises or he could have raised them in a prior post-conviction relief petition or motion to withdraw his guilty pleas. Moreover, we addressed some of appellant's arguments on his direct appeal from his 1996 convictions.
 {¶ 8} Accordingly, based upon the foregoing reasons, we overrule appellant's assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
Evans, P.J. Kline, J.: Concur in Judgment Opinion.
TOPICS AND ISSUES OF REPORTER'S USE
Res judicata barred the defendant's motion when he previously raised or could have raised the claims in prior post-conviction petitions or motions to withdraw guilty pleas.
[1] On September 9, 1998, appellant filed a pro se petition to vacate or set aside his guilty pleas. Appellant argued, in part, that his convictions violated the Double Jeopardy Clause. He claimed that he was improperly convicted of and sentenced for allied offenses of similar import. Appellant further argued that his convictions were against the manifest weight of the evidence because the principal offender was acquitted. On October 16, 1998, the trial court overruled appellant's motion. Appellant did not file a direct appeal.
On March 25, 1999, appellant filed a motion for leave to withdraw his guilty pleas. Appellant's motion raised substantially the same issues as he raises in the present appeal. On April 22, 1999, the trial court overruled appellant's motion. Appellant did not file a direct appeal.
On May 26, 1999, appellant filed a motion for reconsideration or for leave to file a motion to withdraw his guilty pleas. On June 4, 1999, the trial court denied his motion.
On September 16, 1999, appellant filed a "motion for compliance to renewed settlement and dismissal." On March 1, 2000, appellant filed several other motions, all basically seeking to withdraw his guilty pleas. The trial court overruled appellant's motions.
On June 18, 2002, appellant filed a "supplementary brief and analysis of variance." On November 14, 2002, the trial court denied this motion.