ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant, Michael Sneed ("Sneed"), appeals from the judgment of the Cuyahoga County Court of Common Pleas that denied his post-sentencing motion to withdraw a guilty plea. For the reasons stated below, we affirm.
 {¶ 3} In July 1997, Sneed was indicted on two counts of aggravated vehicular homicide (R.C. 2903.06), five counts of aggravated vehicular assault (R.C. 2903.08), and one count of driving under the influence (R.C. 4511.19). All of the counts contained a DUI specification (R.C.2903.07). Sneed pled guilty to all of the counts. On or about October 24, 1997, the trial court sentenced Sneed to a total of fifteen and one-half years of incarceration.
 {¶ 4} Thereafter, Sneed filed several motions, including a motion to withdraw guilty plea and a petition to vacate or set aside sentence and/or judgment, which were denied by the trial court. This court denied a motion for leave to file a delayed appeal.
 {¶ 5} Sneed also filed a petition for postconviction relief on grounds of ineffective assistance of counsel that was denied by the trial court. This court affirmed on appeal in State v. Sneed (Sept. 30, 1999), Cuyahoga App. No. 76250 ("Sneed I"). The Supreme Court of Ohio declined review.
 {¶ 6} On June 13, 2000, Sneed filed a second motion to withdraw his guilty plea. In this motion, Sneed argued that his "addiction" to medications for anti-depression and anxiety precluded him from providing a knowing, voluntary and intelligent guilty plea as mandated by Crim.R. 11. The trial court denied the motion, and Sneed filed no appeal from that order. On August 17, 2001, Sneed filed a motion for leave to appeal sentence, which was denied by this court.
 {¶ 7} On January 22, 2002 Sneed filed his third motion to withdraw his guilty plea, in which he argued his guilty pleas were not voluntarily, knowingly and intelligently made because he was deprived of his Zoloft psychotropic medication and could not adequately consider the effect of his plea or its consequences. The trial court denied the motion, and this court affirmed in State v. Sneed, Cuyahoga App. No. 80902, 2002-Ohio-6502 (Sneed II). The Supreme Court of Ohio declined review.
 {¶ 8} On September 12, 2003, Sneed filed a motion to correct manifest injustice, arguing that the trial court failed to notify him of his right to appeal or to afford him counsel if he was found to be indigent, pursuant to Crim.R. 11(B)(3) and Crim R. 32. Sneed also argued that the trial court failed to comply with the sentencing requirements for imposing consecutive sentences under R.C. 2929.14(E)(4). The trial court denied the motion. Sneed appealed the ruling, and this court dismissed the action, sua sponte, for failure to file the record.
 {¶ 9} On June 15, 2004, Sneed filed another motion to withdraw guilty plea pursuant to Crim.R. 32.1. Sneed again argued that he was not notified of his right to appeal or to have counsel appointed if he was found indigent pursuant to Crim.R. 32. The trial court denied the motion. Sneed has appealed this ruling, raising two assignments of error for our review, which provide:
 {¶ 10} "1. Whether the trial court abused its discretion when denying appellant's motion for withdrawal of guilty plea, pursuant to Criminal Rule of Procedure 32.1."
 {¶ 11} "2. The trial court erred to the prejudice of the appellant, when it denied appellant due process and equal protection of the law, pursuant to [the] 5th and 14th Amendments of the United States Constitution, and Section 16 of Article One of the Ohio Constitution, when it failed to notify the appellant of the maximum/mandatory criminal rule/statutory requirement of (3) three years post-release control, pursuant to R.C. 2967.28, also see Crim.R. 11(C)(2). Thus, appellant's plea was not a knowing, intelligent, and voluntary waiver of his vital constitutional rights."
 {¶ 12} With a post-sentence motion to withdraw a guilty plea, only when the appellant can establish that he must be permitted to change his plea to avoid a manifest injustice will a court allow him to withdraw his plea. State v. Smith (1977), 49 Ohio St.2d 261; Crim.R. 32.1. The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal and later withdrawing the plea if the sentence is unexpectedly severe. State v. Caraballo (1985),17 Ohio St.3d 66, citing State v. Peterseim (1980), 68 Ohio App.2d 211.
 {¶ 13} The decision to grant or deny a post-sentence motion to withdraw a guilty plea is committed to the sound discretion of the trial court. Smith, 49 Ohio St.2d at paragraph two of the syllabus. Consequently, an appellate court will not reverse the trial court's decision absent an abuse of discretion. State v. Xie (1992),62 Ohio St.3d 521, 526. An abuse of discretion is "more than a mere error of law or judgment, instead requiring a finding that the trial court's decision is unreasonable, arbitrary, or unconscionable." Wilson v. BrushWellman, Inc., 103 Ohio St.3d 538, 2004-Ohio-5847, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} On this appeal, Sneed argues the trial court did not advise him of his right to appeal or his right to counsel if found to be indigent. Sneed also raises the issues of ineffective assistance of counsel and the voluntariness of his plea, which we already addressed in Sneed I andSneed II. Additionally, Sneed claims he was not advised of the mandatory post-release control of three years, but rather was informed that if placed on post-release control he would be "subject to" up to three years. The state argues that Sneed's claims are barred by res judicata and are otherwise unfounded.
 {¶ 15} In Sneed II, supra, we clearly indicated that this court will not sanction the practice of "filing motion after motion after motion for post-conviction relief in the trial court after an initial motion for post-conviction relief was denied and affirmed on appeal requesting the same relief from sentence. * * * As we held above, the doctrine of res judicata, which exists to ensure the finality of judgments and the preservation of judicial resources, operates to bar Sneed's claim here, which has been explicitly raised and rejected on grounds of res judicata, and affirmed by this court, once already." Despite this ruling, Sneed has continued to file postconviction motions raising issues that could have been raised in a direct appeal or in his initial postconviction motion.
 {¶ 16} The Supreme Court of Ohio has stated that under the doctrine of res judicata, "`[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 1995-Ohio-331,653 N.E.2d 226, syllabus. Res judicata promotes the principle of finality of judgments by requiring plaintiffs to present every possible ground for relief in the first action. Natl. Amusements, Inc. v. Springdale (1990),53 Ohio St.3d 60, 62, 558 N.E.2d 1178." Kirkhart v. Keiper,101 Ohio St.3d 377, 378, 2004-Ohio-1496. Moreover, res judicata prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated. State v. Brown, Cuyahoga App. No. 84322, 2004-Ohio-6421.
 {¶ 17} Thus, where a defendant files a postconviction motion to withdraw and fails to raise an issue that could have been raised, the defendant is precluded from raising the issue in a subsequent motion to withdraw. See State v. Jackson (Mar. 31, 2000), Trumbull App. No. 98-T-0182. Indeed, numerous courts have applied the doctrine of res judicata to successive motions to withdraw a guilty plea. See State v.Brown, Cuyahoga App. No. 84322, 2004-Ohio-6421 (determining that a Crim.R. 32.1 motion will be denied when it asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion); State v. McLeod, Tuscarawas App. No. 2004 AP 03 0017,2004-Ohio-6199 (holding res judicata barred current challenge to a denial of a motion to withdraw because the issues could have been raised in a defendant's initial motion to withdraw); State v. Vincent, Ross App. No. 03CA2713, 2003-Ohio-3998 (finding res judicata barred defendant from raising issues that could have been raised in a prior motion for new trial or Crim.R. 32.1 motion); State v. Reynolds, Putnam App. No. 12-01-11, 2002-Ohio-2823 (finding that the doctrine of res judicata applies to successive motions filed under Crim.R. 32.1); State v. Unger,
Adams App. No. 00CA705, 2001-Ohio-2397 (concluding that the defendant's Crim.R. 32.1 motion was barred by res judicata because she had previously filed a motion to withdraw her guilty plea that she did not appeal prior to filing the second motion to withdraw guilty plea); State v. Jackson
(Mar. 31, 2000), Trumbull App. No. 98-T-0182 (res judicata applies to successive motions to withdraw a guilty plea filed pursuant to Crim.R. 32.1). As succinctly stated in State v. Kent, Jackson App. No. 02CA21,2003-Ohio-6156: "Res judicata applies to bar raising piecemeal claims in successive postconviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first postconviction relief petition or motion to withdraw a guilty plea."
 {¶ 18} In this case, we find that the issues raised by Sneed could have been raised in a direct appeal. To the extent Sneed argues he was not informed of his right to appeal, Sneed could have raised the issues herein in his initial postconviction motion. Accordingly, Sneed's claims are barred by the doctrine of res judicata, and we find no showing of manifest injustice. Therefore, the trial court did not abuse its discretion in denying Sneed's motion to withdraw his guilty pleas.
 {¶ 19} Sneed's first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Kilbane, J., Concur.