JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from a declaratory judgment issued by the probate division as to the disposition of certain estate assets.[1]
 {¶ 2} Decedent Andrea Sangrik left her entire estate to her niece, Carole Radey, in trust, to provide for the care of her father, Andrew Sangrik. The will stated that Radey was to "use so much of the income and/or principal of the trust estate for the support, care, and maintenance of my father, Andrew Sangrik, to be distributed to him in such proportion and at such time as my trust, in her sole discretion, shall determine." Andrea's will did not provide for any distribution of the remaining trust assets after the death of her father, nor did it contain a residual clause.
 {¶ 3} Andrew Sangrik executed a last will and testament at the same time as Andrea. His will provided that in the event he predeceased his daughter Andrea, all of his estate would go to her. The will further provided that in the event Andrea predeceased him, his estate would go to Radey.
 {¶ 4} Andrea died in 1997. Pursuant to the terms of her will, Radey became the trustee of Andrea's estate and transferred the estate into the Andrea Helen Sangrik Trust. When Andrew died, a question arose as to the distribution of the trust. In Case No. 2004 ADV 84678, the court ruled that, by operation of law, the trustee was required to distribute the corpus to the settlor's heirs at law as if the settlor had died intestate. No appeal was taken from this ruling.
 {¶ 5} Andrea's cousins filed a second declaratory judgment action in 2004 ADV 96385, asking the court to determine that they qualified as "next of kin" for purposes of sharing in the trust corpus. Radey opposed her cousins, arguing that Andrea's heirs were determined upon Andrea's death, and that at the time of death, her sole living relative was her father, Andrew. She maintained that Andrew inherited Andrea's estate and the heirs could take only through Andrew.
 {¶ 6} A magistrate decided, upon cross-motions for summary judgment, that Andrea did not die intestate. He found that her will established a trust for the sole purpose of providing for Andrew's care for the remainder of his life. He further found that Andrea did not leave the estate to her father in fee simple, and to find that he was the sole next of kin to the trust remainder would defeat the clear intention of the trust — to care for Andrew during his life only. The magistrate also denied a request by the cousins to have Radey removed as trustee.
 {¶ 7} The court sustained Radey's objections to the magistrate's decision. It accepted Radey's argument that Andrea's heirs had to be determined at the time of her death, which made Andrew the sole heir of her estate, including the trust. Because Andrew's will made Radey his sole beneficiary, the court ruled that she was entitled to the remainder of the trust. The court overruled the cousins' objections to the magistrate's decision refusing to remove Radey as trustee.
 I {¶ 8} The cousins first argue that the court erred by finding Andrew to be the sole heir of Andrea's estate at the time of her death because that finding conflicted with the judgment in Case No. 2004 ADV 84678 which determined that Andrea's heirs at law were the beneficiaries of the trust remainder.
 {¶ 9} "A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." Norwood v. McDonald (1943), 142 Ohio St. 299, paragraph one of the syllabus; Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 1995-Ohio-331.
 {¶ 10} Principles of res judicata do not apply to this case because the court did not issue a final judgment in the first case which fully determined who the heirs at law were. In the first case, the magistrate defined the issue as:
 {¶ 11} "* * * whether Andrew Sangrik could devise the assets of the Andrea Sangrik trust in his will to Carole Radey when he was only a life beneficiary or, should the remaining trust assets be distributed to Andrea's heirs at law under the laws of descent and distribution pursuant to Ohio Revised Code Section 2105.06
because Andrea's will lacks an expressed direction concerning the distribution of the remaining trust assets after Andrew's death?"
 {¶ 12} Civ.R. 54(B) requires the court to resolve all of the claims as to all of the parties, and its failure to do so means that there is no final order. Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88. The magistrate decided, and the court agreed, that "the Court should order the corpus of the trust of Andrea Sangrik to be distributed to her heirs in accordance with the laws of descent and distribution." At no point in this ruling did the court determine with finality just who those heirs were. In fact, while there is no journal entry to this effect, the parties appear to agree that the magistrate told them that they would need to litigate that issue in Case No. 2004 ADV 96385. Consequently, the declaratory judgment in the first case did not completely resolve the issue of who would receive the remainder of the trust. Res judicata does not apply.
 II {¶ 13} The cousins next argue that the court erred by finding Andrew to be the sole heir of Andrea's estate. They maintain that the formation of the trust for Andrew's benefit for the duration of his life meant that he could not be considered an heir at law under the will at the time of Andrea's death.
 {¶ 14} When construing a will, the sole purpose of the court is to ascertain and carry out the intention of the testator.Oliver v. Bank One, Dayton, N.A. (1991), 60 Ohio St.3d 32, 34, citing Carr v. Stradley (1977), 52 Ohio St.2d 220, paragraph one of the syllabus. We derive the intent of a will from the words used, and those words must be given their ordinary meaning.Polen v. Baker, 92 Ohio St.3d 563, 565, 2001-Ohio-1286.
 {¶ 15} Item III of Andrea's will states, "I give, devise and bequeath my entire estate * * * to my cousin, CAROLE RADEY, INTRUST, for the objects and purposes thereinafter specified * * *." (Emphasis sic.) The will directed Radey to "administer the entire trust estate for the benefit of my father, ANDREWSANGRIK * * *." The "objects and purposes" of the trust was to provide for the "support, care and maintenance" of Andrew.
 {¶ 16} Neither party quarrels with the court's first finding: that Andrea's failure to provide for the remainder of the trust, or to include a residual clause in her will, meant that the remainder of the trust should go to her heirs at law. The issue is whether the court erred by considering Andrew an heir at law since he was also the beneficiary of the life trust.
 {¶ 17} In cases where the settlor fails to make arrangements for the remainder of a trust, the law implies a second trust. This second, implied trust is held for the benefit of the grantor or the grantor's heirs at law existing at the time the second trust is implied. Section 430 of the Restatement of Trusts 2d (4 Ed. 2001) states the general rule:
 {¶ 18} "Where the owner of property gratuitously transfers it upon a trust which is properly declared but which is fully performed without exhausting the trust estate, the trustee holds the surplus upon a resulting trust for the transferor or his estate, unless the transferor properly manifested an intention that no resulting trust of the surplus should arise."
 {¶ 19} Illustration 3 to Comment g of Section 430 is directly on point: "A bequeaths $10,000 to B in trust to pay the income to C for life. There is a resulting trust of the principal of the trust fund after C's death to A's next of kin or residuary legatee." See, also, IV Scott, The Law of Trusts (2 Ed. 1956), Section 430, 2985-2986.
 {¶ 20} "Next of kin" for these purposes is defined as those next of kin remaining at the formation of the resulting trust, not those existing at the time the initial trust was settled. Were we to accept the court's position, it would imply that Andrew's rights as an heir somehow vested before the creation of the trust which gave rise to his supposed right as an heir. Andrew's beneficial right as an heir did not, and could not, arise until such time as the resulting trust itself came into existence. Since Andrew predeceased the formation of the resulting trust, he cannot be considered an heir at law.
 {¶ 21} We find that the court erred in finding Andrew to be the sole beneficiary of the resulting trust. As a matter of law, only those heirs at law existing at the time the resulting trust came into being (that is, on the date of Andrew's death) can be considered heirs at law. It is undisputed that those heirs at law are Andrea's surviving blood relatives, including Radey. We therefore reverse the court's summary judgment and remand with instructions to divide the remainder of the trust consistent with this opinion.
Affirmed in part, reversed in part and remanded. Costs assessed against Trustee.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, J., Concurs Rocco, P.J., Dissents with Separate Opinion
[1] The cousins voluntarily withdrew their third assignment of error at oral argument. We only address assignments of error one and two.