[Cite as *State v. Davis*, 2017-Ohio-8740.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105920**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## REIVENE DAVIS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-566859-A

**BEFORE:** McCormack, P.J., Stewart, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 30, 2017

**FOR APPELLANT**

Reivene Davis, pro se
Inmate No. 662130
Lake Erie Correctional Institution
501 Thompson Road
Conneaut, OH 44030


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Anthony Thomas Miranda
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant Reivene Davis appeals from the trial court's judgment denying Davis's motion to withdraw his guilty plea. For the reasons that follow, we affirm the trial court.

{¶2} In September 2006, Davis pleaded guilty to, and was convicted of, sexual battery in Cuyahoga C.P. No. CR-05-468386, and the court determined he was a sexually oriented offender under R.C. Chapter 2950. As a result, Davis was required to register with the Cuyahoga County Sheriff and provide notification of any change of address, pursuant to R.C. 2950.04 and 2950.05.

{¶3} In October 2012, in Cuyahoga C.P. No. CR-12-566859, Davis was indicted for failure to provide a notice of change of address in violation of R.C. 2950.05(F)(1). The indictment contained a furthermore clause that Davis had previously been convicted of failure to notify of a change of address in Cuyahoga C.P. No. CR-10-535273. The state amended the indictment to delete the furthermore clause, and Davis pleaded guilty to the amended charge, a third-degree felony. In May 2013, the trial court sentenced Davis to three years community control sanctions on the amended charge. Then in October 2014, the trial court found Davis to be in violation of community control sanctions and sentenced Davis to three years in prison.[1]

---

[1] The record in CR-12-566859 indicates a capias was issued for Davis on two occasions. The first capias issued prior to his sentencing hearing, on November 28, 2012. Davis was in custody on April 18, 2013, and he was sentenced shortly thereafter, where he received community control. The second capias was issued on May 7, 2014, and Davis was returned to custody one day later.

**{¶4}** In June 2016, Davis filed a motion to withdraw his guilty plea, or in the alternative, a motion for judicial release, in CR-12-566859, claiming his guilty plea entered in October 2012 was not made "willingly, intelligently, or voluntarily." He stated that he "thought he was pleading to an amended indictment of a fourth degree felony," and the journal entry does not include the language referring to the deletion of the furthermore clause. The trial court denied Davis's motion.

**{¶5}** In May 2017, Davis filed a second motion to withdraw his guilty plea. This time, Davis argued that a manifest injustice occurred because his conviction for failure to provide notice of change of address in CR-12-566859 "was premised on an invalid postrelease control [in CR-05-468386] that did not comply with the statutory mandates regarding the imposition of postrelease control." The trial court denied the motion. Davis now appeals from this denial, claiming the trial court abused its discretion when it denied his motion to withdraw his guilty plea because he was not properly placed on postrelease control in CR-05-468386.

**{¶6}** We find that Davis's argument is barred by res judicata. Under the doctrine of res judicata,

> a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial,

which resulted in that judgment of conviction, or on an appeal from that
judgment.

*State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997), citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), syllabus. Res judicata prevents repeated attacks on a final judgment, and it applies to all issues that were or might have been litigated. *State v. Orr*, 8th Dist. Cuyahoga No. 100841, 2014-Ohio-5274, ¶ 3. The doctrine of res judicata is applicable to successive motions to withdraw a guilty plea. *State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 17. Thus, a Crim.R. 32.1 motion to withdraw a guilty plea should be denied when it asserts grounds for relief that were or should have been asserted in a previous motion. *Id.*, citing *State v. Brown*, 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421.

**{¶7}** Here, Davis filed a motion to withdraw his guilty plea in June 2016, alleging that his guilty plea was not made "willingly, intelligently, or voluntarily" because he thought he was pleading to an amended indictment of a fourth-degree felony and because the journal entry did not include the language referring to the deletion of the furthermore clause. The trial court denied this motion. Davis did not raise, in this first motion to withdraw, any arguments concerning the postrelease control imposed in the prior case and how it allegedly affected his plea in this case. Nor did he appeal the trial court's denial of the first motion to withdraw. His claim raised in his May 2017 motion to withdraw is therefore barred by res judicata.

**{¶8}** Even if Davis's claim was not barred by res judicata, Davis fails to demonstrate a manifest injustice required by Crim.R. 32.1.

**{¶9}** Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.

**{¶10}** "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Williams*, 10th Dist. Franklin No. 03AP-1214, 2004-Ohio-6123, ¶ 5. Manifest injustice has been defined as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). Under the manifest injustice standard, a postsentence motion to withdraw a plea is permitted "only in extraordinary cases." *State v. Montgomery*, 2013-Ohio-4193, 997 N.E.2d 579, ¶ 61 (8th Dist.), citing *Smith* at 264.

**{¶11}** The determination of whether the defendant has met his or her burden of establishing "a manifest injustice" is within the sound discretion of the trial court. *State v. Vinson*, 8th Dist. Cuyahoga No. 103329, 2016-Ohio-7604, ¶ 42, citing *Smith* at paragraph two of the syllabus. We therefore will not reverse a trial court's decision to deny a defendant's postsentence motion to withdraw a guilty plea absent an abuse of the

court's discretion. *Id.* An abuse of discretion occurs where the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶12} Here, Davis contends that a manifest injustice occurred in this case because the trial court did not properly impose postrelease control in CR-05-468386, the original conviction for sexual battery that precipitated the duty to provide notice of a change of address. He contends that the trial court in the underlying sexual battery case failed to include the consequences of violating postrelease control in its journal entry and postrelease control in that case is therefore void. Davis argues that because postrelease control in the prior case is void, it "cannot be used to substantiate a charge of notice of change of address" in this case. We find no merit to Davis's argument.

{¶13} In CR-05-468386, the court determined that Davis, after having been convicted of a sexually oriented offense, was a sexually oriented offender under R.C. Chapter 2950. Davis was therefore required to register with the Cuyahoga County Sheriff and provide notification of any change of address, pursuant to R.C. 2950.04 and 2950.05. When Davis failed to provide the sheriff his new address, he was separately charged in the current case with a new offense, pursuant to R.C. 2950.05(F)(1). This duty to register his address resulted from his conviction of a sexually oriented offense, and his new charge is based solely on his failure to provide notification of a change in address and is wholly unrelated to any postrelease control imposed on the original conviction.

**{¶14}** In light of the foregoing, Davis has failed to demonstrate a manifest injustice. We therefore do not find the trial court abused its discretion in denying Davis's second postsentence motion to withdraw his guilty plea.

**{¶15}** Davis's sole assignment of error is overruled.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

MELODY J. STEWART, J., and
PATRICIA ANN BLACKMON, J., CONCUR