[Cite as *State v. Brooks*, 2025-Ohio-1468.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 : Case No.  24CA27

    v.                                  :

RAYMOND BROOKS,                         : DECISION & JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

Raymond Brooks, pro se, for appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry
M. Saunders, Assistant Prosecuting Attorney, Athens, Ohio, for
appellee.
_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:4-21-25
ABELE, J.

{¶1}  This is an appeal from an Athens County Common Pleas Court judgment that denied Raymond Brooks', defendant below and appellant herein, motion to withdraw his guilty pleas.  Appellant assigns two errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE APPELLANT WAS DENIED PROCEDURAL AND
> SUBSTANTIVE DUE PROCESS OF LAW UNDER THE 1st,
> 5th, AND 14th AMENDMENTS TO THE UNITED STATES
> CONSTITUTIONS WHEN THE TRIAL COURT ABUSED ITS
> DISCRETION AND APPLIED RES JUDICATA UNDER THE

CIRCUMSTANCES OF THIS CASE, DENYING APPELLANT MEANINGFUL ACCESS TO THE COURT."

SECOND ASSIGNMENT OF ERROR:

"THE APPELLANT WAS DENIED PROCEDURAL AND SUBSTANTIVE DUE PROCESS OF LAW UNDER THE 1st, 5th, AND 14th AMENDMENTS TO THE UNITED STATES CONSTITUTIONS WHERE THE TRIAL COURT ACTING [SIC.] BIAS AND PREJUDICE VIOLATED ITS LOCAL RULES OF COURT AND RULED UPON THE CASE PRIOR TO ALLOWING APPELLANT TO FILE A RESPONSE TO APPELLEE'S MOTION IN OPPOSITION."

{¶2} Initially, we note that since appellant's 2022 arson, burglary, and vandalism convictions, appellant has filed numerous motions in the trial court seeking post-conviction relief or to withdraw his guilty pleas. The trial court denied all of appellant's motions. In addition, appellant has filed numerous motions in this court.[1]

---

[1] In addition to his direct appeal, on October 19, 2023 and October 20, 2023, appellant filed a pro se "Notice to the Court in the Interest of Justice Pur. Civ.R. 44," which on November 20, 2023 this court struck from the record because appellant was represented by counsel. On March 25, 2024, appellant filed a request for a Bill of Particulars. On February 22, 2024, appellant filed a motion for reconsideration, which this court denied on April 19, 2024. On May 15, 2024, appellant filed a "Request for Court to Obtain Control Number Due to Mail Emergency at the Ohio Department of Rehabilitations [sic.] for Insurance of Service to All Parties," which we denied on June 7, 2024. On June 5, 2024, appellant filed a "Motion to Correct the Record" and a Motion for Reopening, which we denied on August 22, 2024. On October 15, 2024, appellant filed a "Request for this Honorable Court to take Judicial Notice Pursuant to Evidence Rule 201." Also on October 15, 2024,

{¶3} We refer to *State v. Brooks,* 2024-Ohio-420 (4th Dist.) for a complete review of this case's facts and procedural history. In short, appellant broke into his ex-girlfriend's home, stole a dog crate, opened faucets, flooded her home, vandalized her boyfriend's truck and belongings, and later hired another man to set fire to her home. *Id.* at ¶ 2. At the change of plea hearing, appellee noted that appellant would change his plea to "guilty to the indictment," the parties did not reach a joint sentencing recommendation, appellee sought a prison term, and appellant was required to register with the arson registry "annually for ten years." The trial court explained appellant's maximum prison sentence, fines, restitution, Reagan Tokes Act requirements, and postrelease control obligations. In addition, the court informed appellant that he would be "required to register annually [for the arson registry] for up to ten years." Appellant pleaded guilty to the indictment. *Id.* at ¶ 5.

{¶4} At sentencing, appellee stated that appellant broke into ex-girlfriend Sunshine Mayles' apartment, stole a dog crate, turned on the faucets, flooded her home, damaged Mayles' boyfriend Joseph Byers' work truck, and, about a week later, hired another man to

---

appellant filed a "Notice of Appeal to Correct a Deficiency."

set fire to Mayles' home, drove him there and left.  The person who set the fire pleaded guilty and agreed to testify against appellant.  Appellee also pointed out that appellant has a 2001 arson conviction.  *Id.* at ¶ 6.  In addition to the testimony from Joseph Byers about damages to his truck and belongings, Mayles also sustained damages to property from the fire and flood that totaled $12,602.  Mayles also testified that appellant continued to threaten her after the crimes and while released on bond.  *Id.* at ¶ 7.

{¶5} After consideration, the trial court sentenced appellant to (1) serve a 12-month prison term on Count 3, vandalism, (2) serve a 36-month prison term on Count 2, burglary, to be served concurrently with Count 3, (3) serve an indefinite term of 8-12 years on Count 1 aggravated arson to be served concurrently to Counts 2 and 3 for a term of 8-12 years, (4) serve an 18-month to 3-year postrelease-control term, (5) pay $3,841.70 in restitution to Joseph Byers, (6) pay $12,602 in restitution to Sunshine Mayles, (7) pay $1,200 in restitution to Joseph Bishop, and (8) register with the R.C. 2904.14 arson offender registry annually for life.

{¶6} On direct appeal, this court affirmed in part, reversed in part, and remanded the matter for further proceedings.  Specifically, we observed that the trial court's imposition of

"costs" may have included components beyond those that the parties contemplated at the time of their agreement. We cited the Supreme Court of Ohio's decision in *State v. Taylor*, 2020-Ohio-6786, that although a trial court may assess court-appointed counsel fees without making an ability-to-pay finding, those fees should not be included as part of a sentence for a criminal conviction and, instead, should be listed separately as a civil matter and in a separate entry. Thus, we concluded that because *Taylor* may be applicable in the case at bar, the trial court and the parties should have an opportunity to re-visit this issue. On March 6, 2024, the trial court ordered appellant's court costs waived.

{¶7} Subsequently, appellant filed an App.R. 26(A) motion that requested reconsideration of our February 1, 2024 decision. We denied appellant's motion, and noted that the motion was untimely and without merit.

{¶8} On June 5, 2024, appellant filed an App.R. 26(B) application to reopen his appeal. This court concluded that appellant's untimely application included no "good cause" established for the untimely filing. *See State v. Gumm,* 2004-Ohio-4755, ¶ 5. We further observed that App.R. 26(B)(2)(e) requires the applicant to provide the appellate court with the portions of the record that support the application. *State v. Frazier,* 2020-

Ohio-993 (7th Dist.), ¶ 11, citing *State v. Wade*, 2017-Ohio-4135, ¶ 6 (7th Dist.).  Appellant failed to provide any portion of the record on which he relied and his application contained no citation to the record.  Thus, we concluded that appellant's application did not satisfy the necessary App.R. 26(B) requirements.  *See State v. McNeill*, 83 Ohio St.3d 457, 459 (1998).

{¶9}  Moreover, we also noted that appellant's proposed assignments of error would fail on the merits because he did not demonstrate a "genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal" as required by App.R. 26(B)(5).  Appellant argued that his appellate counsel should have raised the following proposed errors: (1) "evidence appeals counsel had showing that Mr. Brooks resided at address he was accused of burglerizing [sic.]," (2) "lack of constituent elements to sustain a conviction of burglary," (3) "trial counsel failed to complete negotiations prior to plea deal, either with law enforcement agency or with prosecution to solicit the law-enforcement agency for a recommendation of a reduced arson registration period lesser than life," (4) "Brooks' plea to aggravated arson (F2) was unconstitutional because it was not knowing, intelligent nor voluntary, for the reason that trial counsel failed to complete negotiations prior to plea deal, either with law enforcement agency

or with prosecution to solicit the law enforcement agency for a recommendation of a reduced arson registration period lesser than life," (5) and "counsel failed to argue that arson offender registry scheme is unconstitutional."

{¶10} We observed that appellant raised issues relating to the arson registration requirement in his direct appeal and in his App.R. 26(A) motion to reconsider.  We held that appellant failed to meet his burden to prove that trial counsel prejudiced him because (1) this did not affect the validity of appellant's plea, (2) appellant did not submit to the court a joint sentencing recommendation, and (3) the trial court is not required to notify an arson offender of his registration requirements if the offender is sentenced to a term of confinement.  Thus, we concluded that res judicata barred proposed assignments 3, 4, and 5.  "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."  *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995).  Further, concerning proposed assignments 1 and 2, appellant alleged that he could not be convicted of burglary "because the evidence proves that he lived at the residence that is the subject of the burglary."  We observed that appellant raised this issue in his App.R. 26(A) motion to

reconsider and we noted that appellant had not raised this issue below, and, therefore, we did not consider the merits of this argument.

**{¶11}** We further concluded that appellant's proposed assignments of error failed to establish a genuine issue as to whether he received the effective assistance of counsel on appeal. We explained that the case involves a guilty plea, and on direct appeal, we concluded that defendant entered his plea in a knowing, intelligent, and voluntary manner. Moreover, at sentencing, appellee alleged:

> appellant broke into ex-girlfriend Sunshine Mayles' apartment, stole a dog crate, turned on the faucets, flooded her home, damaged Mayles' new boyfriend Joseph Byers' work truck, and, about a week later, hired another man to set fire to Mayles' home, drove him there and left. The person who set fire pleaded guilty and agreed to testify against appellant. Appellee also pointed out that appellant has a 2001 arson conviction.

*Brooks*, 2024-Ohio-420, ¶ 6. *Id*. Thus, we concluded that the record did not support appellant's claim in his proposed assignment of error that he had privilege to be present in the victim's residence.

**{¶12}** In *State v. Reddick*, 72 Ohio St.3d 88, 90-91, the Supreme Court of Ohio stated, "Neither Murnahan nor App.R. 26(B) was intended as an open invitation for persons sentenced to long

periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals." Consequently, we concluded that appellant did not establish a genuine issue of a colorable claim of ineffective assistance of counsel. Accordingly, we denied appellant's motion to reopen pursuant to App.R. 26(B).

**{¶13}** Appellant filed his first postconviction relief petition on January 4, 2024. Appellant argued (1) trial counsel rendered ineffective assistance of counsel because counsel failed to advise him that he was incapable of burglarizing a residence in which he resided, (2) trial counsel failed to raise appellant's alleged mental deficiency, (3) trial counsel promised appellant he would only receive community control and a ten-year arson registration requirement, (4) appellant was not present at sentencing, and (5) cumulative error.

**{¶14}** On April 3, 2024, the trial court denied the petition without a hearing, found no merit to appellant's claims, called appellant's contention that he was not present at sentencing "spurious," and called appellant's argument that "he was drunk at the time," and trial counsel should have known he was mentally incompetent because he was having a "tuff time... in his life" and was "only joking with his accomplice about committing arson,"

"[p]ure nonsense unworthy of further postconviction judicial consideration."

{¶15} On July 8, 2024, appellant filed a second, successive postconviction relief petition. The trial court denied the successive petition without a hearing. The court stated, "[t]his petition reasserts arguments made in defendant's first such petition, filed January 4, 2024, and denied by judgment of April 3, 2024." In the July 8, 2024 petition, appellant also raised new arguments such as prosecutorial misconduct. The trial court noted:

> [T]here is no persuasive indication that defendant was unavoidably prevented from using the documentary attachments to his second petition to support his original petition. And none of his arguments or documents remotely approach the clear and convincing evidence standard prerequisite to finding both (1) constitutional error and (2) that no reasonable factfinder would have found him guilty but for such error.

{¶16} On July 8, 2024, appellant also filed a motion to withdraw his guilty pleas. The trial court denied the motion without a hearing on July 31, 2024, and stated that "all matters therein are res judicata, as they were, or could have been raised in either defendant's unsuccessful direct appeal or his unsuccessful attempts at statutory post-conviction relief. . . The record supports no finding of a manifest injustice."

{¶17} On July 12, 2024, appellant filed a request for the issuance of a subpoena duces tecum for certain records purportedly held by the Athens County Sheriff's Office. On July 31, 2024, the trial court denied appellant's request, and noted:

> Defendant's prison sentence is executory, his direct appeal is concluded, and his post-conviction petitions and motion to withdraw his guilty plea have been denied. There is no proceeding open in this case for a subpoena duces tecum to relate. More importantly, defendant's request has no clear relevance to the fully resolved, critical issues in his trial court proceedings; namely, his guilty pleas and sentencing.

{¶18} On August 22, 2024, appellant filed a new motion to withdraw his guilty pleas - the subject of the case sub judice. On August 26, 2024, appellee filed a response to the motion and stated that "the doctrine of res judicata applies" and sought the court to deny the motion without a hearing.

{¶19} On August 27, 2024, the trial court denied the motion without a hearing, and stated:

> All the matters in defendant's motion are res judicata, as they were, or could have been, raised in defendant's unsuccessful direct appeal, his unsuccessful attempts at statutory post-conviction relief, or his unsuccessful prior attempt to withdraw his guilty pleas. *See State v. Nicholson*, 8th Dist. No. 105958, 2018-Ohio-2932, ¶ 5. The record supports no finding of a manifest injustice. Defendant's motion is denied without a hearing.

This appeal followed.

I.

**{¶20}** In his first assignment of error, appellant asserts that the trial court denied his procedural and substantive due process rights when it applied res judicata to his "petition for withdraw guilty plea." Appellant appears to argue that (1) trial counsel "tricked" him into pleading guilty to arson when another individual confessed to setting the fire, and (2) counsel failed to investigate the case properly, and therefore did not learn that Joseph Byers "intended to commit perjury on the witness stand and had committed insurance fraud," and that appellant did not pay Jarrod Losey.

**{¶21}** Generally, an appellate court will review decisions to grant or to deny postconviction relief petitions filed pursuant to R.C. 2953.21 under an abuse of discretion standard. *State v. Rinehart,* 2018-Ohio-1261, ¶ 7 (4th Dist.), citing *State v. Gondor,* 2006-Ohio-5579, ¶ 58. The term "abuse of discretion" implies that a court's attitude is unreasonable, arbitrary, or unconscionable. *Wilmington Steel Prod., Inc. v. Cleveland Elec. Illum. Co.,* 60 Ohio St.3d 120, 122 (1991). When applying the abuse-of-discretion standard of review, appellate courts are not free to merely substitute our judgment for that of the trial court. *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-38 (1991), citing *Berk v. Matthews,*

53 Ohio St.3d 161, 169 (1990).

**{¶22}** Although a petition for postconviction relief permits a person to bring a collateral challenge to the validity of a conviction or sentence in a criminal case, it does not provide a petitioner a second opportunity to litigate a conviction. *State v. Boles*, 2017-Ohio-786, ¶ 19 (12th Dist.). Accordingly, "a trial court may dismiss a postconviction relief petition on the basis of the doctrine of res judicata." *Id.* Under res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus.

Thus, res judicata applies to any claim that was raised, or could have been raised, in a prior petition for postconviction relief. *State v. Clemmons*, 2019-Ohio-2997, ¶ 25 (2d Dist.); *State v. Workman*, 2019-Ohio-5379, ¶ 11 (3d Dist.). Consequently, res judicata applies to bar raising piecemeal claims in successive postconviction relief petitions that could have been raised, but were not, in the first postconviction relief petition. *State v. Lawson*, 2014-Ohio-3554, ¶ 53 (12th Dist.); *State v. Johnson*, 2013-Ohio-1398, ¶ 47 (5th Dist.); *State v. Reynolds*, 2002-Ohio-2823 (3d Dist.); *State v. Jackson,* 2000 WL 522440 (11th Dist. Mar. 31, 2000); *State v. Kent*, 2003-Ohio-6156, ¶ 6 (4th Dist.).

{¶23} In the case at bar, appellee points out that appellant has raised these arguments before. In his direct appeal, appellant asserted, inter alia, that he did not enter a knowing, intelligent, and voluntary plea to the aggravated arson charge. This court, however, concluded that appellant entered his plea knowingly, intelligently, and voluntarily. Further, appellant argued that counsel provided ineffective assistance of counsel when counsel failed to enforce what appellant called "the state's plea agreement" to a ten-year arson registration requirement. We concluded that appellant failed to establish prejudice.

{¶24} Moreover, in appellant's application to reopen pursuant to App.R. 26(B), appellant argued that "trial counsel failed to complete negotiations prior to plea deal, either with law enforcement agency or with prosecution to solicit the law-enforcement agency for a recommendation of a reduced arson registration period lesser than life," and that his aggravated arson plea "was unconstitutional because it was not knowing, intelligent nor voluntary, for the reason that trial counsel failed to complete negotiations prior to plea deal, either with law enforcement agency or with prosecution to solicit the law enforcement agency for a recommendation of a reduced arson registration period lesser than life," and that counsel "failed to

argue that arson offender registry scheme is unconstitutional." Again, we declined to grant appellant's App.R. 26(B) application to reopen because (1) his motion was untimely, (2) he did not establish good cause for his belated filing, and (3) his application would fail on the merits.

{¶25} As noted above, appellant argues that (1) trial counsel "tricked" him into pleading guilty to arson when another individual confessed to setting the fire, and (2) counsel failed to investigate the case properly, and therefore did not learn that Joseph Byers "intended to commit perjury on the witness stand and had committed insurance fraud," and failed to learn that appellant did not pay Jarrod Losey for assisting in the crimes. As noted before many times, these issues either were, or could have, been raised in appellant's initial postconviction relief petition. Thus, res judicata bars appellant from raising these issues. *State v. Thomas*, 2010-Ohio-394, ¶ 22 (6th Dist.). Moreover, res judicata bars a petitioner from "re-packaging" evidence or issues that either were or could have been raised. *State v. Brown*, 2020-Ohio-971, ¶ 50 (12th Dist.); *State v. Monroe*, 2005-Ohio-5242 (10th Dist.), *State v. Walker*, 2025-Ohio-60 (2d Dist.).

{¶26} Numerous courts have applied the doctrine of res judicata to successive motions to withdraw a guilty plea. *See State v.*

*Lofton*, 2017-Ohio-757, ¶ 16 (4th Dist.), citing *State v. Sneed*, 2005-Ohio-1865, ¶ 17 (8th Dist.). *See also State v. Brown*, 2004-Ohio-6421 (8th Dist.)(Crim.R. 32.1 motion will be denied when it asserts grounds for relief that were or should have been asserted in previous Crim.R. 32.1 motion); *State v. McLeod*, 2004-Ohio-6199 (5th Dist.)(res judicata barred current challenge to denial of motion to withdraw because issues could have been raised in defendant's initial motion to withdraw); *State v. Vincent*, 2003-Ohio-3998 (4th Dist.)(res judicata barred defendant from raising issues that could have been raised in a prior new trial motion or Crim.R. 32.1 motion); *Reynolds*, *supra,* 2002-Ohio-2823 (11th Dist.)(res judicata applies to successive motions filed under Crim.R. 32.1); *State v. Unger*, 2001-Ohio-2397 (4th Dist.)(res judicata barred defendant's Crim.R. 32.1 motion because defendant previously filed a motion to withdraw guilty plea and did not appeal prior to filing second motion to withdraw plea); *Jackson,* *supra,* 2000 WL 522440 (11th Dist. Mar. 31, 2000)(res judicata applies to successive motions to withdraw a guilty plea filed pursuant to Crim.R. 32.1).

**{¶27}** In the case sub judice, appellant has either previously raised the claims he now raises, or he could have raised them in a prior postconviction relief petition or motion to withdraw his

guilty pleas. Moreover, we addressed some of appellant's arguments on his direct appeal from his convictions. Thus, the doctrine of res judicata bars us from considering appellant's arguments. *Kent,* 2003-Ohio-6156, at ¶ 5 (4th Dist.).

> "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

*State v. Perry*, 10 Ohio St.2d 175, paragraph nine of the syllabus (1967).

{¶28} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

II.

{¶29} In his second assignment of error, appellant asserts that the trial court violated his due process rights when (1) the court violated the local rules and ruled upon his case without allowing him to file a response to appellee's motion in opposition, (2) the trial court "should have converted his motion into a summary judgment [motion] and given the parties an opportunity to respond with supporting documents under Civ.R. 56(C)," and (3) the trial

court did not require appellee to argue how res judicata applied.

{¶30} Concerning appellant's claim that the trial court was biased when it did not allow him to respond to appellee's objection to his motion to withdraw his guilty plea, appellant contends that he filed his motion to withdraw his guilty plea on August 22, 2024, appellee filed their motion in opposition on August 26, 2024, and the trial court denied the motion without a hearing on August 27, 2024. Appellee points out that appellant provides no authority or local rule that would require the trial court to allow him to reply before the trial court ruled on the motion. However, we observe that Athens County Local Rule 10.1 provides:

> All motions shall be accompanied by a brief or memorandum stating the grounds thereof and citing the authorities relied upon. Except in cases of summary judgement, the opposing party may file an answer brief by the fourteenth day after the day on which the motion was filed. The moving party may file a reply brief by the twenty-first calendar day after the motion was filed. Thereafter, the motion shall be deemed submitted for non-oral hearing. An oral hearing is permitted only upon written request and leave of court at a time to be set by the court. This rule shall apply to all motions except in domestic relations matters and in the cases of summary judgment motions shall be controlled by Civ.R. 6(C) and 56.

{¶31} At least one court has held that a trial court erred when it failed to consider a defendant's reply brief. In *State v. Vernon*, 2002-Ohio-5153, (11th Dist.), local rules required the defendant to file his reply brief within five days of the State's

opposition brief.  According to the local rules, Vernon's reply brief was due May 25, 2001, he filed it on May 24, 2001, but the trial court denied his motion to withdraw his guilty plea on May 21, 2001.  *Id.* at ¶ 14-15.

**{¶32}** The Eleventh District noted that clearly the trial court did not consider Vernon's reply brief.  The State argued that Vernon's due process rights were not violated based on *State v. Schaffer*, 1999 WL 1018629 (3d Dist.).  However, the *Vernon* court pointed out that the local rules at issue in *Schaffer* did not provide for reply briefs, but the local rules in *Vernon* required that there be an opportunity for the movant to respond to the State's brief in opposition.  The court also pointed out that the trial court not only did not afford Vernon this opportunity in a meaningful manner, but also acted "very lenient" with the State when it accepted and considered the brief in opposition filed a month late.  Consequently, the court deemed the trial court's actions unfair and concluded it violated Vernon's due process rights.  *Id.* at ¶ 18-19.

**{¶33}** Similarly, in *State v. Akemon*, 2007-Ohio-6217, (1st Dist.), the First District held that local rules entitled the defendant to reply to the State's memorandum opposing the defendant's postconviction motion to withdraw his guilty pleas

before the court ruled on the motion. *Id.* at ¶ 6. However, the court pointed out that an appellate court may disregard an error that occurs in criminal proceedings if the state demonstrates that the error was harmless, or nonprejudicial, in the sense that it could not be said to have affected the outcome of the proceedings. *Id.* at ¶ 7, citing Crim.R. 52(A); *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, at ¶ 15, *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, at ¶ 7, citing *United States v. Olano* (1993), 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508.

**{¶34}** The court explained:

Under the doctrine of the "law of the case," a "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Thus, a trial court confronted with substantially the same facts and issues involved in a prior appeal is bound by the appellate court's determination of those issues. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 462 N.E.2d 410; *Perez v. Cleveland* (Dec. 13, 1995), 1st Dist. No. C-940553, 1995 WL 734047.

The law of our decision in Akemon's direct appeal was that the trial court had fully complied with Crim.R. 11 in accepting his pleas. The trial court, in ruling upon Akemon's motion to withdraw his pleas, was bound by that legal determination. There being no response that could have further advanced the Crim.R. 11 challenge presented in Akemon's motion, we cannot say that he was prejudiced by the trial court's failure to afford him the reply time provided by Loc.R. 14(B). Therefore, to the extent that Akemon sought to withdraw his pleas on the ground that the trial court had failed to comply with Crim.R. 11, the

court's error in failing to afford him an opportunity to reply to the state's opposing memorandum was demonstrably harmless.

*Id.* at ¶ 10-11.

**{¶35}** Thus, the court concluded that the trial court's action constituted harmless error because the defendant had already been afforded a complete plea hearing, and any response to the State's memorandum could not have advanced the motion. *Id.* Similarly, in the case sub judice, the trial court afforded appellant a complete plea hearing when he entered his plea. Moreover, the trial court had already considered a prior motion to withdraw his guilty pleas in the month before, along with at least two prior postconviction relief petitions. Thus, appellant's response to appellee's opposition brief is immaterial to the trial court's determination that res judicata barred appellant's successive motion to withdraw his guilty plea.

**{¶36}** In addition, appellant argues that appellee did not argue below how res judicata applied. However, as noted above, res judicata applied to bar appellant's successive motion to withdraw his guilty plea because appellant either raised or could have raised these issues in a prior postconviction relief petition. *Kent* at ¶ 6.

{¶37} Accordingly, we overrule appellant's second assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed.  Appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                              Peter B. Abele, Judge

NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.